UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD CASEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDCURSOR, INC.,<br><br>Defendant. | No. 1:21-cv-00711-DAD-SAB<br><br>ORDER DISMISSING ACTION PURSUANT TO THE PARTIES' STIPULATION UNDER RULE 41(a)(1)(A)(ii)<br><br>(Doc. No. 14) |

This matter is before the court on the parties' stipulation to dismiss this action pursuant to Rule 41(a)(1)(A)(ii), with plaintiff's individual claims being dismissed with prejudice and plaintiff's putative class claims being dismissed without prejudice. (Doc. No. 14.) For the reasons explained below, the court will dismiss this action pursuant to the parties' stipulation pursuant to Rule 41.

An action may be voluntarily dismissed by the parties pursuant to Rule 41 by the filing of "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, voluntary dismissals under Rule 41 are still subject to Rule 23. In particular, Rule 23(e) governs the dismissal of class actions, even before class certification has

/////

/////

1

occurred. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding "that Rule 23(e) applies before certification").[1]

Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

---

[1] Although "Rule 23(e) was specifically amended in 2003 to make clear that court approval was not required for settlements with putative class representatives that resolved only individual claims," and there "remains some uncertainty about whether the *Diaz* holding applies in the wake of the 2003 amendments to Rule 23(e)," some district courts in the Ninth Circuit continue to apply the standard articulated by the Ninth Circuit in *Diaz* because it "strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals." *Topete v. Ramos Furniture*, No. 1:16-cv-00271-DAD-EPG, 2018 WL 4006556, at *3 (E.D. Cal. Aug. 20, 2018), *findings and recommendations adopted*, No. 1:16-cv-00271-DAD-EPG, 2018 WL 6615107 (E.D. Cal. Nov. 16, 2018) (internal quotation marks and citations omitted); *see, e.g.*, *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014). The court notes, however, that other district courts in this circuit have concluded that consideration of the *Diaz* factors is not required where the plaintiff seeks dismissal without prejudice of the putative class claims. *See Elizabeth Hall v. W. Ref. Retail, LLC et al.*, No. 5:19-cv-00855-VAP-SK, 2021 WL 4497925, at *1, n. 1 (C.D. Cal. June 23, 2021) (concluding that courts need not perform any analysis under Rule 23 when approving the dismissal of putative class claims without prejudice); *Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (noting that "where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss").

Applying the three *Diaz* factors here, the court concludes that dismissal of plaintiff's putative class claims without prejudice will not harm any putative class members. First, there is no evidence that any putative class members are relying on this action, in which plaintiff asserts that defendants violated state consumer protection laws with regard to representations of express warranties on the packaging of their electronic massage products. (*See* Doc. No. 1-1.) Second, given that this action was filed in February 2021 based on plaintiff's purchase of defendant's massage products on December 15, 2020, and the fact that the Song-Beverly Consumer Warranty Act has a four-year statute of limitations, *see* California Commercial Code § 2725, the court notes that putative class members would not be barred from filing their own individual or class claims by a statute of limitations. In addition, any individual claims have been tolled since this action was filed in February 2021. *See China Agritech, Inc. v. Resh*, __ U.S. __, 138 S. Ct. 1800, 1804 (2018) (holding that the statute of limitations is tolled for individual claims "during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails"). Finally, the settlement between plaintiff and defendants resolves only plaintiff's individual claims—because the parties are only requesting dismissal of the class claims without prejudice, leaving putative class members free to pursue a new class action, no class interests are being conceded. (Doc. No. 14 at 2.)

The court therefore deems the *Diaz* factors satisfied here. Because there is no risk of prejudice, notice to putative class members is not required. *See Diaz*, 876 F.2d at 1408 ("Notice to the class of pre-certification dismissal is not, however, required in all circumstances.").

Accordingly:

1. The parties' stipulation to dismiss plaintiff's individual claims with prejudice and plaintiff's putative class claims without prejudice (Doc. No. 14) is granted;
2. Plaintiff's individual claims are dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii);

/////

/////

/////

3. Plaintiff's class claims are dismissed without prejudice pursuant to Rule 41(a)(1)(A) and Rule 23(e); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 11, 2021**

*Dale A. Drozd*

UNITED STATES DISTRICT JUDGE